| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

HENRY D. ADAMS,

    Plaintiff,

v.

FBI SAN FRANCISCO FIELD OFFICE SUPERVISOR AND AGENTS,

    Defendant.

Case No. 19-cv-02977-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Federal Bureau of Investigation ("FBI") San Francisco Field Office supervisor and agents. Plaintiff will be granted leave to proceed *in forma pauperis* ("IFP") in a separate written Order.

For the reasons stated below, the Court concludes that Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted. Therefore, the complaint is not cognizable under 42 U.S.C. § 1983 and is DISMISSED.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988). The first step in raising a section 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

**B.  Plaintiff's Claims**

Plaintiff has filed a section 1983 complaint in which he names as Defendants FBI San Francisco Field Office supervisor and agents alleging a violation of his due process rights. *See* Dkt. 1 at 2.[1]

As mentioned above, a prerequisite to recovery under section 1983 is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. *West*, 487 U.S. at 48; *see also Martinez v. California*, 444 U.S. 277, 284 (1980); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here, Plaintiff does not allege the deprivation of a right secured by the Constitution or the laws of the United States. The basis of Plaintiff's complaint arises out of Defendants' collective failure to investigate to his numerous grievances of alleged corruption and mistreatment by various law enforcement entities while in custody. Dkt. 1 at 4-8. Specifically, Plaintiff claims that, between the dates of May 2017 and May 14, 2019, he wrote the San Francisco FBI Field Office over thirty letters explaining that: (1) Contra Costa County medical staff gave him the wrong medication while in custody at the Martinez Detention Facility in retaliation for his refusal to take a plea deal and to cooperate with an ongoing investigation; (2) he was targeted by the Contra Costa County Sheriff's Department and the Richmond Police Department, as well as a victim of assault by these agencies; (3) these same law enforcement agencies, along with Contra Costa County Deputy District Attorney Kabu Adodojaji and Public Defenders Julian Ross and Zack Linowitz, had Plaintiff illegally sentenced

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

1  to 24 years in prison by participating in such illegal activities as falsifying documents in his arrest
2  records and tampering with and hiding evidence; (4) Plaintiff was threatened by numerous
3  deputies at the county jail to take a plea deal for his conviction offense; (5) while in custody,
4  associates of the aforementioned investigating agencies opened up numerous credit lines in
5  Plaintiff's name and property left to him by a deceased relative was stolen; (6) Plaintiff was denied
6  serious medical attention for long periods of time and placed around informants while
7  incarcerated; and (7) multiple law enforcement agencies have engaged in a large amount of
8  criminal activity in an attempt to frame Plaintiff for crimes he did not commit. *Id.* at 3–6. In sum,
9  Plaintiff alleges that the FBI San Francisco Field Office supervisor's and agents' failure to
10 investigate these grievances constitutes a violation of his rights under the Fourteenth Amendment.
11 *Id.* at 6, 8. Plaintiff seeks monetary damages and "release[] from this current false imprisonment
12 [and] illegal sentence." *Id.* at 3.

However, "[t]here is . . . no constitutional right to an investigation by government officials." *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992) (citing *Gomez*, 757 F.2d at 1006); *see also Chapman v. Musich*, 726 F.2d 405 (8th Cir. 1984). There is "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Gomez*, 757 F.2d at 1006. Thus, the Court finds that in the instant matter, Plaintiff's allegations—that the aforementioned Defendants were under an obligation to investigate his grievances—fail to state a cognizable claim.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2). A dismissal as legally frivolous is proper only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324–28.

3

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. *See Neitzke*, 490 U.S. at 328. To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. But, this initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff. *See id.* A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts. *See id.* A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32–33. But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *See id.* at 33.

Even applying the liberal interpretation standard afforded to *pro se* litigants, the Court finds that Plaintiff's allegations are presented in a conclusory manner, with no factual support given to substantiate the allegations, and that the claims are legally frivolous within the meaning of 28 U.S.C. § 1915(d) and *Nietzke*, 490 U.S. at 327. In any event, Plaintiff cannot sue Defendants based on a conclusory allegation of their failure to investigate. Moreover, Plaintiff has failed to allege facts demonstrating each individual's personal involvement in a constitutional violation. *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). To warrant relief under 42 U.S.C. § 1983, Plaintiff must show that Defendants' acts or omissions, under color of state authority, caused the deprivation of his constitutionally protected rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Id.* There

4

must be an actual causal connection or link between the actions of each Defendant and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-692 (1978) (citing *Rizzo v. Goode*, 432 U.S. 362, 370-71(1976)). Here, no such link exists because the basis of Plaintiff's complaint, as discussed above, arises out of Defendants' collective failure to investigate his grievances, which Defendants were not legally required to do.

## III. CONCLUSION

For the reasons outlined above, the complaint is DISMISSED as frivolous and failing to state a claim upon which relief may be granted, and therefore, it is not cognizable under 42 U.S.C. § 1983. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: October 31, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge